**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

**CASE NO.:**

REYAR AFANEH,

Plaintiff,

vs.

CITY FURNITURE, INC.,
a Florida Profit Corporation,

Defendant.

---

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, REYAR AFANEH ("Ms. Afaneh" or "Plaintiff"), by and through her undersigned counsel, and sues the Defendant, CITY FURNITURE, INC. ("CFI" or "Defendant") and alleges the following:

1. Plaintiff brings these claims against Defendant for race discrimination and retaliation pursuant to 42 U.S.C. § 1981 ("Section 1981" or "§ 1981"), for discrimination and retaliation based on race, based on color, and based on sex in violation of Title VII of the Civil Rights Act ("Title VII") and the Florida Civil Rights Act, Chapter 760, Florida Statutes ("FCRA"), and for violation of Florida's Whistleblower Act, Section 448.102(3), Florida Statutes ("FWA"). Plaintiff is seeking damages including back pay, front pay, compensatory damages, punitive damages, and her attorneys' fees and costs.

## JURISDICTION AND CONDITIONS PRECEDENT

2. This Court has original jurisdiction over Plaintiff's § 1981 and Title VII claims pursuant to 28 U.S.C. § 1331, as they arise under federal law, and the actions giving rise to

this lawsuit occurred in Broward County, Florida.

3. This Court also has supplemental jurisdiction over Plaintiff's FCRA and FWA claims, as they arise out of the same operative facts and circumstances as do her Title VII claims.

4. Plaintiff timely dual-filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Rights ("FCHR") on or about January 14, 2022.

5. On or about March 22, 2023, Plaintiff received her Notice of Right to Sue from the EEOC.

6. Pursuant to § 1981 and Title VII, Plaintiff timely files this lawsuit within the applicable period of limitations against Defendant, and has complied with all administrative prerequisites.

7. More than one-hundred-and-eighty (180) days have passed since the filing of Plaintiff's FCRA claims, rendering Plaintiff's FCRA claims ripe for filing.

8. Pursuant to the FWA, Plaintiff timely files this action within the applicable period of limitations against Defendant.

9. All conditions precedent to this action have been satisfied and/or waived.

**VENUE**

10. Venue is proper because Defendant conducts substantial business in Broward County, Florida, and Plaintiff worked for Defendant in Broward County, Florida, where the actions at issue took place.

**PARTIES**

11. Plaintiff, who is an adult Latina female of mixed-race descent, is protected by Section 1981, Title VII, and the FCRA because:

a. She suffered discrimination (and retaliation in violation of Section 1981 and in violation of Title VII and the FCRA) by Defendant on the basis of her race, and suffered discrimination and retaliation based on color and sex; and

b. She objected to the race-based discrimination, the color-based discrimination, and the sex-based discrimination; and

c. She suffered an adverse employment action and was subjected to an increasingly hostile work environment based on race, color, and sex, and based on her objections to the race-based, color-based, and sex-based discrimination, including being terminated for same.

12. Defendant was at all material times an "employer" within the meaning of § 1981 and as defined by Title VII and the FCRA, as it employed in excess of fifteen (15) employees.

13. Defendant was at all material times a covered "employer" as defined by the FWA, as it employed ten (10) or more employees at all times relevant.

14. Plaintiff was at all material times an "employee" of Defendant within the meaning of § 1981 and as defined by Title VII, the FCRA, and the FWA.

15. Defendant is a Florida Profit Corporation that is registered to do business in the state of Florida, including, among other places, Broward County, Florida.

## GENERAL ALLEGATIONS

16. Ms. Afaneh worked for CFI as a Sales Representative in CFI showrooms in North Miami Beach, Florida, and Pembroke Pines, Florida, from August 8, 2005, until her termination on March 23, 2021.

17. Throughout her remarkable 15 years of employment at CFI, Ms. Afaneh was

an outstanding revenue generator.

18. Yet even as Ms. Afaneh consistently met or exceeded her sales goals, and outwardly expressed her desire for mentorship, professional growth, and promotion within the company, year after year CFI managers invariably passed her over and instead promoted candidates who in every case were men with less sales experience than Ms. Afaneh, and who could not match Ms. Afaneh's track record of consistent sales at CFI.

19. For most of Ms. Afaneh's employment at CFI, her direct supervisor was General Manager Guy Murat ("Mr. Murat").

20. In the showroom culture Mr. Murat created, Ms. Afaneh knew well that her sex, her race, and her skin color conferred upon her a certain disfavored status.

21. Ms. Afaneh knew so because Mr. Murat never made any effort to conceal the sex-based and racial biases that both informed his managerial decisions and were part and parcel of his personal managerial style.

22. As Ms. Afaneh observed on many occasions, Mr. Murat put his biases on public display as he walked the sales floor, for instance, by greeting other Black/darker skinned CFI employees in a loud voice and calling them "his people."

23. Mr. Murat also seemed to enjoy having one-on-one conversations on the sales floor, in that same loud voice, so that other sales reps could easily overhear.

24. Ms. Afaneh herself overheard Mr. Murat say to a fellow sales rep named David Rivera, who was less experienced and had no proven track record in sales, "I will help you because you are a single father."

25. To another less experienced, less proven, newer associate named Cleveland, Ms. Afaneh heard him say, "I am going to help you because you are a father of three; don't worry, I will help you."

26. As Mr. Murat knew, Ms. Afaneh is herself the mother of three children; yet in all the years Ms. Afaneh worked under him, Mr. Murat never once acknowledged that she was a working mother, nor did he ever offer to "help" her by mentoring her or encouraging her in her professional development, despite her obvious commitment to sales success at CFI and her regular expressions of interest in promotion.

27. From financial records to which Ms. Afaneh had access thanks to a brief stint as Finance Specialist for CFI, Ms. Afaneh learned that Mr. Murat helped another non-Latino male Sales Representative named Chris Bennett gain promotion over her by substantially lowering his monthly sales goal vis-à-vis Ms. Afaneh's goal for that same month, thereby boosting his optics to the corporate office, to Ms. Afaneh's diminishment and detriment.

28. At the respective time of each of these three effective pass-overs for promotion, Ms. Afaneh was simultaneously meeting or exceeding CFI's legitimate expectations with respect to her sales goals.

29. Much of Mr. Murat's decision-making with respect to promotion and advancement within CFI was based on his personal preferences with respect to race, color, and sex, and Mr. Murat would go out of his way to help individuals who satisfied his preferences while others, such as Ms. Afaneh, got left behind.

30. Ms. Afaneh was also subjected to unwanted sexual attention and sexual harassment by manager Mike Bayon.

31. On March 22, 2021, frustrated due to the discrimination based on race, based on color, and the discrimination and harassment based on sex to which CFI had subjected her for so many years, Ms. Afaneh objected to CFI's Human Resources Department and CFI's Owners that CFI's actions constituted unlawful discrimination

based on race, based on color, and based on sex, in violation of Section 1981, Title VII, and the FCRA.

32. Ms. Afaneh's objections constituted protected activity under Section 1981, Title VII, the FCRA, and the FWA.

33. Ms. Afaneh's objections were to actual violations of, *inter alia*, Section 1981, Title VII, and the FCRA.

34. Alternatively, Ms. Afaneh's objections were to what Ms. Afaneh reasonably believed to be actual violations of, *inter alia*, Section 1981, Title VII, and the FCRA.

35. The next day, March 23, 2021, instead of commencing an investigation of Ms. Afaneh's serious allegations and objections, CFI informed Ms. Afaneh that it had decided to terminate her employment, effective immediately, after her over fifteen (15) years of loyal and outstanding service to CFI and its customers.

36. The actions described above are characteristic of a company that made an immediate and retaliatory termination decision, rather than that of a company with a well-thought-out and long-considered plan of termination.

37. Defendant terminated Plaintiff's employment because Plaintiff objected to and/or refused to participate in Defendant's violations of law.

38. Defendant did not have a legitimate, non-retaliatory reason for its adverse employment action(s) against Plaintiff.

39. Any reason provided by Defendant for its adverse employment action(s) against Plaintiff is a pretext and a cover-up for illegal retaliation.

40. The person and/or persons to whom Ms. Afaneh voiced her objections to CFI's violations of law were decision-makers in terms of retaliating against Plaintiff by terminating her.

41. There is a close temporal proximity/nexus between Plaintiff asserting her objections to Defendant's violations of law, and Plaintiff's termination.

42. Plaintiff's objections to Defendant's violations of law were the cause of Defendant's discharge of Plaintiff.

43. As a result of Defendant's unlawful and retaliatory termination of Plaintiff, Plaintiff has suffered severe emotional distress, including but not limited to sleeplessness, crippling anxiety, loss of consortium, and family discord.

44. Plaintiff's objections were considered protected activity pursuant to Fla. Stat. § 448.102, and qualified Ms. Afaneh as a whistleblower under the law.

45. In *Aery v. Wallace Lincoln–Mercury, LLC*, 118 So.3d 904, 916 (Fla. 4th DCA 2013) , the Court made clear that it is unlawful to adversely affect an employee for engaging in the "protected conduct" of objecting to, or refusing to partake in, unlawful activity, or what the employee reasonably believes to be illegal conduct. *See id.* at 916 (To establish a violation of the FWA, an employee must establish that: (1) he objected to or refused to participate in an illegal activity, policy, or practice or what he reasonably believed to be an illegal activity, policy, or practice; (2) he suffered an adverse employment action; and (3) the adverse employment action was causally linked to his objection or refusal).

46. Plaintiff was terminated in direct retaliation for reporting and objecting to and/or refusing to participate in Defendant's unlawful actions, or what she reasonably believed to be unlawful actions, in violation of Section 448.102, Florida Statutes. *See Aery,* 118 So. 3d at 916.

47. The discrimination and disparate treatment based on race, color, and sex persisted throughout the duration of Ms. Afaneh's employment with CFI.

48. By reason of the foregoing, Defendant's actions affected Plaintiff's ability to enjoy the "full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens" in violation of § 1981.

49. Title VII and the FCRA prohibit race, color, and sex discrimination, and sexual harassment, in the workplace.

50. Plaintiff's termination constitutes an adverse action as defined by Title VII.

51. By reason of the foregoing, Defendant's actions, and non-actions, violated § 1981.

52. Plaintiff suffered an adverse action as a result of her race, color, and sex.

53. CFI's remarks and actions demonstrate blatant discrimination based on race, color, and sex, and were wholly violative of Section 1981, Title VII, and the FCRA.

54. At all material times hereto, Plaintiff was ready, willing and able to perform her job duties.

55. Defendant does not have a non-discriminatory, non-retaliatory rationale for allowing and participating in the discrimination and termination suffered by Plaintiff.

56. Plaintiff's termination was for pretextual and discriminatory reasons based on Plaintiff's race, color, and sex, and based on Plaintiff's objections to Defendant's conduct in not taking prompt remedial measures to alleviate sexual harassment, race discrimination, color discrimination, and sex discrimination as the law requires.

57. Plaintiff was treated in a disparate manner from her non-Latina/Mixed Race counterparts.

58. By reason of the foregoing, Defendant's actions affected the "terms, conditions or privileges" of Plaintiff's employment as envisioned by Title VII and the FCRA.

59. By reason of the foregoing, Defendant's actions violated Section 1981, Title VII, and the FCRA.

60. Plaintiff suffered sufficiently severe and pervasive harassment to create an abusive working environment and, ultimately, termination, because of her race, color, and sex.

61. Any reason provided by Defendant for its actions is a pretext and cover-up for illegal discrimination and retaliation.

62. Plaintiff was terminated because of her race in violation of Section 1981, and because of her objections to what she reasonably believed to be a discriminatory practice in the workplace.

63. The temporal proximity between Plaintiff's objections to what she reasonably perceived to be race-, color-, and sex-based discrimination and her termination is sufficiently close to establish a temporal nexus between the two events.

64. Plaintiff has suffered damages as a result of Defendant's illegal conduct towards her.

65. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent her in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I: DISCRIMINATION/HARASSMENT IN VIOLATION OF TITLE VII BASED ON SEX

66. Plaintiff re-alleges and re-adopts the allegations contained in paragraphs 1 through 7, 9 through 12, 14 through 35, 43, 47, 49 through 50, and 52 through 65, above, as if fully set forth in this Count.

67. The acts of Defendant, by and through its agents and employees, violated

Plaintiff's rights against sexual harassment and sex discrimination under Title VII.

68. The harassment and discrimination to which Plaintiff was subjected was based on her sex.

69. Defendant's discriminatory comments and actions were egregious, and provide direct evidence of its discriminatory motive to discriminate against Plaintiff.

70. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

71. Plaintiff has suffered damages as a result of Defendant's illegal conduct toward her.

72. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

73. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 2000e-5(k).

74. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff demands trial by jury, reemployment/reinstatement, back pay, lost wages, front pay if reinstatement and/or reemployment is not possible, compensatory damages, punitive damages, attorneys' fees and costs, and any other relief this Court deems just and proper.

**COUNT II: DISCRIMINATION IN VIOLATION OF TITLE VII BASED ON RACE**

75. Plaintiff re-alleges and re-adopts the allegations contained in paragraphs 1 through 7, 9 through 12, 14 through 29, 31 through 35, 43, 47, 49 through 50, and 52 through 65, above, as if fully set forth in this Count.

76. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against race discrimination under Title VII.

77. The discrimination/disparate treatment to which Plaintiff was subjected was based on her race.

78. Defendant's discriminatory comments and actions were egregious, and provide direct evidence of its discriminatory motive to discriminate against Plaintiff.

79. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

80. Plaintiff has suffered damages as a result of Defendant's illegal conduct toward her.

81. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

82. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 2000e-5(k).

83. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff demands trial by jury, reemployment/reinstatement, back pay, lost wages, front pay if reinstatement and/or reemployment is not possible, compensatory damages, punitive damages, attorneys' fees and costs, and any other relief this Court deems just and proper.

**COUNT III: DISCRIMINATION IN VIOLATION OF TITLE VII BASED ON COLOR**

84. Plaintiff re-alleges and re-adopts the allegations contained in paragraphs 1 through 7, 9 through 12, 14 through 29, 31 through 35, 43, 47, 49 through 50, and 52 through 65, above, as if fully set forth in this Count.

85. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against discrimination based on color under Title VII.

86. The discrimination/disparate treatment to which Plaintiff was subjected was based on her color.

87. Defendant's discriminatory comments and actions were egregious, and provide direct evidence of its discriminatory motive to discriminate against Plaintiff.

88. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

89. Plaintiff has suffered damages as a result of Defendant's illegal conduct toward her.

90. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

91. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 2000e-5(k).

92. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff demands trial by jury, reemployment/reinstatement, back pay, lost wages, front pay if reinstatement and/or reemployment is not possible, compensatory damages, punitive damages, attorneys' fees and costs, and any other relief this Court deems just and proper.

**COUNT IV: DISCRIMINATION/HARASSMENT IN VIOLATION OF THE FCRA BASED ON SEX**

93. Plaintiff re-alleges and re-adopts the allegations contained in paragraphs 1 through 7, 9 through 12, 14 through 35, 43, 47, 49 through 50, and 52 through 65, above, as if fully set forth in this Count.

94. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against sexual harassment and sex discrimination under the FCRA, Chapter 760, Florida Statutes.

95. The harassment and discrimination to which Plaintiff was subjected was based on her sex.

96. Defendant's discriminatory comments and actions were egregious, and provide direct evidence of its discriminatory motive to discriminate against Plaintiff.

97. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

98. Plaintiff has suffered damages as a result of Defendant's illegal conduct toward her.

99. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

100. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to Section 760.11(5), Florida Statutes.

101. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff demands trial by jury, reemployment/reinstatement, back pay, lost wages, front pay if reinstatement and/or reemployment is not possible, compensatory damages, punitive damages, attorneys' fees and costs, and any other relief this Court deems just and proper.

## COUNT V: DISCRIMINATION IN VIOLATION OF THE FCRA BASED ON RACE

102. Plaintiff re-alleges and re-adopts the allegations contained in paragraphs 1 through 7, 9 through 12, 14 through 29, 31 through 35, 43, 47, 49 through 50, and 52 through 65, above, as if fully set forth in this Count.

103. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against race discrimination under the FCRA, Chapter 760, Florida Statutes.

104. The harassment and discrimination to which Plaintiff was subjected was based on her race.

105. Defendant's discriminatory comments and actions were egregious, and

provide direct evidence of its discriminatory motive to discriminate against Plaintiff.

106. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

107. Plaintiff has suffered damages as a result of Defendant's illegal conduct toward her.

108. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

109. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to Section 760.11(5), Florida Statutes.

110. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff demands trial by jury, reemployment/reinstatement, back pay, lost wages, front pay if reinstatement and/or reemployment is not possible, compensatory damages, punitive damages, attorneys' fees and costs, and any other relief this Court deems just and proper.

**COUNT VI: DISCRIMINATION IN VIOLATION OF THE FCRA BASED ON COLOR**

111. Plaintiff re-alleges and re-adopts the allegations contained in paragraphs 1 through 7, 9 through 12, 14 through 29, 31 through 35, 43, 47, 49 through 50, and 52 through 65, above, as if fully set forth in this Count.

112. The acts of Defendant, by and through its agents and employees, violated

Plaintiff's rights against discrimination based on color under the FCRA, Chapter 760, Florida Statutes.

113. The discrimination/disparate treatment to which Plaintiff was subjected was based on her color.

114. Defendant's discriminatory comments and actions were egregious, and provide direct evidence of its discriminatory motive to discriminate against Plaintiff.

115. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

116. Plaintiff has suffered damages as a result of Defendant's illegal conduct toward her.

117. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

118. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to Section 760.11(5), Florida Statutes.

119. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff demands trial by jury, reemployment/reinstatement, back pay, lost wages, front pay if reinstatement and/or reemployment is not possible, compensatory damages, punitive damages, attorneys' fees and costs, and any other relief this Court deems just and proper.

## COUNT VII: RETALIATION IN VIOLATION OF TITLE VII BASED ON SEX

120. Plaintiff re-alleges and re-adopts the allegations contained in paragraphs 1 through 7, 9 through 12, 14 through 35, 43, 47, 49 through 50, and 52 through 65, above, as if fully set forth in this Count.

121. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against being retaliated against for opposing discrimination under Title VII.

122. The retaliation to which Plaintiff was subjected was based on her opposition to Defendant's illegal and discriminatory actions based on sex.

123. Plaintiff's termination was in very close temporal proximity to her objections to Defendant that she felt she had been discriminated against, and harassed, based on sex.

124. Plaintiff's objections constituted protected activity under Title VII.

125. Plaintiff was terminated as a direct result of her objections to what she reasonably believed to be sexual harassment and discrimination based on sex.

126. Plaintiff's objections to Defendant's conduct, and her termination, are causally related.

127. Defendant's stated reasons for Plaintiff's adverse employment action are a pretext.

128. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

129. Plaintiff has suffered damages as a result of Defendant's illegal conduct toward her.

130. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

131. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 2000e-5(k).

132. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff demands trial by jury, reemployment/reinstatement, back pay, lost wages, front pay if reinstatement and/or reemployment is not possible, compensatory damages, punitive damages, attorneys' fees and costs, and any other relief this Court deems just and proper.

**COUNT VIII: RETALIATION IN VIOLATION OF TITLE VII BASED ON RACE**

133. Plaintiff re-alleges and re-adopts the allegations contained in paragraphs 1 through 7, 9 through 12, 14 through 29, 31 through 35, 43, 47, 49 through 50, and 52 through 65, above, as if fully set forth in this Count.

134. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against being retaliated against for opposing discrimination under Title VII.

135. The retaliation to which Plaintiff was subjected was based on her opposition to Defendant's illegal and discriminatory actions based on race.

136. Plaintiff's termination was in very close temporal proximity to her

objections to Defendant that she felt she had been discriminated against based on race.

137. Plaintiff's objections constituted protected activity under Title VII.

138. Plaintiff was terminated as a direct result of her objections to what she reasonably believed to be discrimination based on race.

139. Plaintiff's objections to Defendant's conduct, and her termination, are causally related.

140. Defendant's stated reasons for Plaintiff's adverse employment action are a pretext.

141. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

142. Plaintiff has suffered damages as a result of Defendant's illegal conduct toward her.

143. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

144. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 2000e-5(k).

145. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff demands trial by jury, reemployment/reinstatement, back pay, lost wages, front pay if reinstatement and/or reemployment is not possible, compensatory damages, punitive damages, attorneys' fees and costs, and any other relief

this Court deems just and proper.

**COUNT IX: RETALIATION IN VIOLATION OF TITLE VII BASED ON COLOR**

146. Plaintiff re-alleges and re-adopts the allegations contained in paragraphs 1 through 7, 9 through 12, 14 through 29, 31 through 35, 43, 47, 49 through 50, and 52 through 65, above, as if fully set forth in this Count.

147. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against being retaliated against for opposing discrimination under Title VII.

148. The retaliation to which Plaintiff was subjected was based on her opposition to Defendant's illegal and discriminatory actions based on color.

149. Plaintiff's termination was in very close temporal proximity to her objections to Defendant that she felt she had been discriminated against based on color.

150. Plaintiff's objections constituted protected activity under Title VII.

151. Plaintiff was terminated as a direct result of her objections to what she reasonably believed to be discrimination based on color.

152. Plaintiff's objections to Defendant's conduct, and her termination, are causally related.

153. Defendant's stated reasons for Plaintiff's adverse employment action are a pretext.

154. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

155. Plaintiff has suffered damages as a result of Defendant's illegal conduct toward her.

156. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

157. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 2000e-5(k).

158. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff demands trial by jury, reemployment/reinstatement, back pay, lost wages, front pay if reinstatement and/or reemployment is not possible, compensatory damages, punitive damages, attorneys' fees and costs, and any other relief this Court deems just and proper.

**COUNT X: RETALIATION IN VIOLATION OF THE FCRA BASED ON SEX**

159. Plaintiff re-alleges and re-adopts the allegations contained in paragraphs 1 through 7, 9 through 12, 14 through 35, 43, 47, 49 through 50, and 52 through 65, above, as if fully set forth in this Count.

160. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against being retaliated against for opposing discrimination under Section 760.10(7), Florida Statutes.

161. The retaliation to which Plaintiff was subjected was based on her opposition to Defendant's illegal and discriminatory actions based on sex.

162. Plaintiff's termination was in very close temporal proximity to her

objections to Defendant that she felt she had been sexually harassed and discriminated against based on sex.

163. Plaintiff's objections constituted protected activity under the FCRA.

164. Plaintiff was terminated as a direct result of her objections to what she reasonably believed to be sexual harassment and discrimination based on sex.

165. Plaintiff's objections to Defendant's conduct, and her termination, are causally related.

166. Defendant's stated reasons for Plaintiff's adverse employment action are a pretext.

167. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

168. Plaintiff has suffered damages as a result of Defendant's illegal conduct toward her.

169. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

170. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to Section 760.11(5), Florida Statutes.

171. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff demands trial by jury, reemployment/reinstatement, back pay, lost wages, front pay if reinstatement and/or reemployment is not possible,

compensatory damages, punitive damages, attorneys' fees and costs, and any other relief this Court deems just and proper.

**COUNT XI: RETALIATION IN**
**VIOLATION OF THE FCRA BASED ON RACE**

172. Plaintiff re-alleges and re-adopts the allegations contained in paragraphs 1 through 7, 9 through 12, 14 through 29, 31 through 35, 43, 47, 49 through 50, and 52 through 65, above, as if fully set forth in this Count.

173. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against being retaliated against for opposing discrimination under Section 760.10(7), Florida Statutes.

174. The retaliation to which Plaintiff was subjected was based on her opposition to Defendant's illegal and discriminatory actions based on race.

175. Plaintiff's termination was in very close temporal proximity to her objections to Defendant that she felt she had been discriminated against based on race.

176. Plaintiff's objections constituted protected activity under the FCRA.

177. Plaintiff was terminated as a direct result of her objections to what she reasonably believed to be discrimination based on race.

178. Plaintiff's objections to Defendant's conduct, and her termination, are causally related.

179. Defendant's stated reasons for Plaintiff's adverse employment action are a pretext.

180. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience,

mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

181. Plaintiff has suffered damages as a result of Defendant's illegal conduct toward her.

182. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

183. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to Section 760.11(5), Florida Statutes.

184. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff demands trial by jury, reemployment/reinstatement, back pay, lost wages, front pay if reinstatement and/or reemployment is not possible, compensatory damages, punitive damages, attorneys' fees and costs, and any other relief this Court deems just and proper.

## COUNT XII: RETALIATION IN VIOLATION OF THE FCRA BASED ON COLOR

185. Plaintiff re-alleges and re-adopts the allegations contained in paragraphs 1 through 7, 9 through 12, 14 through 29, 31 through 35, 43, 47, 49 through 50, and 52 through 65, above, as if fully set forth in this Count.

186. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against being retaliated against for opposing discrimination under Section 760.10(7), Florida Statutes.

187. The retaliation to which Plaintiff was subjected was based on her opposition to Defendant's illegal and discriminatory actions based on color.

188. Plaintiff's termination was in very close temporal proximity to her objections to Defendant that she felt she had been discriminated against based on color.

189. Plaintiff's objections constituted protected activity under the FCRA.

190. Plaintiff was terminated as a direct result of her objections to what she reasonably believed to be discrimination based on color.

191. Plaintiff's objections to Defendant's conduct, and her termination, are causally related.

192. Defendant's stated reasons for Plaintiff's adverse employment action are a pretext.

193. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

194. Plaintiff has suffered damages as a result of Defendant's illegal conduct toward her.

195. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

196. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to Section 760.11(5), Florida Statutes.

197. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff demands trial by jury, reemployment/reinstatement, back pay, lost wages, front pay if reinstatement and/or reemployment is not possible,

compensatory damages, punitive damages, attorneys' fees and costs, and any other relief this Court deems just and proper.

**COUNT XIII: DISCRIMINATION IN VIOLATION OF SECTION 1981 BASED ON RACE**

198. Plaintiff re-alleges and re-adopts the allegations contained in paragraphs 1 through 2, 6, 9 through 12, 14 through 23, 27 through 29, 31 through 41, 43, 47 through 48, 51 through 57, and 59 through 65, above, as if fully set forth in this Count.

199. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against race discrimination under § 1981.

200. The discrimination to which Plaintiff was subjected was based on her race, Latina/Mixed-Race.

201. The conduct of Defendant its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

202. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant to deter it, and others, from such conduct in the future.

203. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to Section 1981.

204. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff prays that this Court will:

205. Issue a declaratory judgment that the discrimination against Plaintiff by

Defendant was a violation of Plaintiff's rights under Section 1981;

206. Require that Defendant make Plaintiff whole for her losses suffered as a result of the discrimination through reinstatement, or, if that is not practical, through an award of front pay;

207. Grant Plaintiff a judgment against Defendant for all available damages, including punitive damages;

208. Award Plaintiff her reasonable attorneys' fees and litigation expenses against Defendant pursuant to Section 1981;

209. And award any additional relief that this Court deems just and appropriate.

## COUNT XIV: RETALIATION IN VIOLATION OF SECTION 1981 BASED ON RACE

210. Plaintiff re-alleges and re-adopts the allegations contained in paragraphs 1 through 2, 6, 9 through 12, 14 through 23, 27 through 29, 31 through 41, 43, 47 through 48, 51 through 57, and 59 through 65, above, as if fully set forth in this Count.

211. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against race retaliation under § 1981.

212. The retaliation to which Plaintiff was subjected was based on her objections to race discrimination in the workplace, or what she reasonably believed to be race discrimination in the workplace.

213. The conduct of Defendant its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

214. The conduct of Defendant was so willful and wanton, and in such reckless

disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant to deter it, and others, from such conduct in the future.

215. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to Section 1981.

216. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff prays that this Court will:

217. Issue a declaratory judgment that the retaliation against Plaintiff by Defendant was a violation of Plaintiff's rights under Section 1981;

218. Require that Defendant make Plaintiff whole for her losses suffered as a result of the retaliation through reinstatement, or, if that is not practical, through an award of front pay;

219. Grant Plaintiff a judgment against Defendant for all available damages, including punitive damages;

220. Award Plaintiff her reasonable attorneys' fees and litigation expenses against Defendant pursuant to Section 1981;

221. And award any additional relief that this Court deems just and appropriate.

**COUNT XV: RETALIATION IN VIOLATION OF THE FWA**

222. Plaintiff re-alleges and re-adopts the allegations contained in paragraphs 1, 3, 8 through 10, 13 through 47, 53 through 56, and 61 through 65, above, as if fully set forth in this Count.

223. On March 23, 2021, Defendant forced Plaintiff's discharge in violation of Fla. Stat. § 448.102(3).

224. Plaintiff was fired for no reason other than Plaintiff objecting to illegal activity by CFI, or what she reasonably believed to be illegal activity by CFI, in violation of Fla. Stat. § 448.102(3).

225. Plaintiff objected to a violation of a law, rule, or regulation, or what she reasonably believed to be a violation of a law, rule, and regulation, and was fired as a direct result of same, which constitutes a violation of the FWA.

226. As a result of Defendant's intentional, willful and unlawful actions, Plaintiff has suffered damages, including, but not limited to, lost wages, lost benefits, lost employment status, as well as humiliation, pain and suffering and other monetary and non-monetary losses.

**WHEREFORE**, Plaintiff demands trial by jury, reemployment/reinstatement, back pay, lost wages, front pay if reinstatement and/or reemployment is not possible, compensatory damages, punitive damages, attorneys' fees and costs, and any other relief this Court deems just and proper.

**JURY TRIAL DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted this 8th day of June, 2023.

By: _***Noah E. Storch***______
Noah E. Storch, Esq.
Florida Bar No. 0085476
RICHARD CELLER LEGAL, P.A
10368 W. State Rd.84, Suite 103
Davie, FL 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-mail: noah@floridaovertimelawyer.com

*Trial Counsel for Plaintiff*